UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

CAFÉ 420, LLC,

    Plaintiff,

Vs.

AMERICAN FEDERATION INSURANCE COMPANY,

    Defendant.

No. 3:23cv325
McDonough/Poplin

## COMPLAINT

COMES the Plaintiff, CAFÉ 420, LLC, through counsel, and sues the Defendant, AMERICAN FEDERATION INSURANCE COMPANY (hereinafter "AFIC"), and for cause of action says:

### I.    PARTIES

1. CAFÉ 420, LLC, is a Tennessee limited liability company formerly located at 745 Parkway, Suite 10, Gatlinburg, TN, 37738, and dully formed under the laws of the State of Tennessee and member managed by Amy Knight.

2. AMERICAN FEDERATION INSURANCE COMPANY is a foreign corporation authorized to do business in the State of Tennessee and may be served with process through the Commissioner of Insurance for the State of Tennessee.

1

## II. JURISDICTION AND VENUE

3. Jurisdiction is properly before this Court pursuant to 28 U.S.C. § 1332 (a)(1) because the Plaintiff and Defendant are companies located in different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) excluding interest and costs.

4. Venue is proper in the United States District Court for the Eastern District of Tennessee, Northern Division, because the events giving rise to this claim occurred in Gatlinburg, Sevier County, Tennessee.

## III. FACTS

5. CAFÉ 420, LLC and all contents located at 745 Parkway, Suite 10, Gatlinburg, TN, 37738, were completed destroyed by fire on October 9, 2022. CAFÉ 420, LLC, reported the loss to AFIC on October 10, 2022, and made a claim for damaged business personal property and loss of business income.

6. AFIC issued policy number AFPKG-TN-02126-00 insuring CAFÉ 420, LLC from May 15, 2022, through May 15, 2023, and, as material to this claim, insured CAFÉ 420, LLC, for One Million Seventy-Five Thousand Dollars ($1,075,000.00) for business personal property, including stock and Two Million Five Hundred Thousand Dollars ($2,500,000.00) for loss of income including extra expenses. Attached to this Complaint as <u>Exhibit 1</u> is the binder of insurance provided to CAFÉ 420, LLC, by AFIC.

7. AFIC and/or Cann Gen hired Brian Van Zutphen to inspect the CAFÉ 420, LLC, premises prior to the issuance of coverage on May 15, 2022. Brian Van

2

Zutphen spoke with Amy Ball while at the CAFÉ 420, LLC, premises. Brian Van Zutphen inspected the premises on at least two (2) occasions. After his inspection, AFIC insured CAFÉ 420, LLC. After the fire, Brian Van Zutphen contacted CAFÉ 420, LLC, gave assurances that coverage was in effect, and said he would assist them with the claim in any way he could. At the time of the inspection, Brian Van Zutphen was an independent insurance inspector. At the present time, on information and belief, Brian Van Zutphen is employed by Sedgwick Claims Management Services, Inc., (hereinafter "SEDGWICK"). SEDGWICK and James Reading (employee of SEDGWICK) have been employed by Network Adjusters, Inc. to handle the CAFÉ 420, LLC, claim locally by Defendant AFIC.

8. CAFÉ 420, LLC, has provided documentation for loss of business property exceeding One Million Seventy-Five Thousand Dollars ($1,075,000.00) and loss of income exceeding Two Million Five Hundred Thousand Dollars ($2,500,000.00).

9. On April 12, 2023, CAFÉ 420, LLC, received a Reservation of Rights and Request for Information from Network Adjusters, Inc., on behalf of AFIC (Exhibit 2).

10. On May 22, 2023, Network, on behalf of AFIC, notified CAFÉ 420, LLC, that it desired to obtain an Examination Under Oath (EUO) from Amy Knight which was to be conducted by Chelsea N. Hayes, Esq., attorney for AFIC (Exhibit 3).

11. On June 1, 2023, CAFÉ 420, LLC, responded to Network and AFIC's request for information concerning CAFÉ 420, LLC's central fire system. The central fire alarm system utilized at CAFÉ 420, LLC, on October 9, 2022, was functioning properly, maintained on a daily basis by Nick Ball, and installed by Nick Ball who formerly owned and operated Smokey Mountain Wireless. Smokey Mountain Wireless

3

sold, installed and maintained/serviced fire and burglar alarm systems. Attached as Exhibit 4 is CAFÉ 420, LLC's response to AFIC's correspondence of April 12, 2023 and May 22, 2023. The Protective Safeguards provision, MMD 10 27 09 20 (Binder of Insurance) requires a central station fire alarm defined in the AFIC policy as follows:

> B. **Central Station Fire Alarm**,
> Protecting the entire building and that is connected to a central Station reporting to a public or private fire alarm station.

Plaintiff says the fire alarm system installed by them fully complied with the aforementioned requirement of their AFIC policy. (Exhibit 5, Protective Safeguards) the system installed by Plaintiff is more fully described in Exhibit 6.

12. AFIC, through counsel, Chelsea Hayes, scheduled the Examinations Under Oath of Amy Knight and Nick Ball for July 21, 2023. On July 20, 2023, AFIC, through counsel, cancelled the EUO's seeking further documentation on the central fire alarm system. The EUO's were rescheduled for August 15, 2023, but cancelled on August 14, 2023, due to counsel for AFIC contracting COVID. As of the filing of this Complaint, the EUO's have not been rescheduled.

13. In the correspondence from CAFÉ 420, LLC, to AFIC of June 1, 2023, AFIC was placed on Notice of Bad Faith pursuant to Tenn. Code Ann. § 56-7-105, et seq., for failure to offer assistance to CAFÉ 420, LLC, for start up costs and related expenses connected to their loss.

14. CAFE 420, LLC, did not own the premises located at 745 Parkway, Gatlinburg, Tennessee. Those premises were leased from the Carol P. Armstrong Revocable Trust as set forth in the attached lease agreement (Exhibit 7).

4

## IV. CAUSE OF ACTION FOR BAD FAITH

15. Plaintiff, CAFÉ 420, LLC, repeats and incorporates by reference paragraphs one (1) through fourteen (14) of the Complaint.

16. Since on or about October 10, 2022, Defendant, AFIC, has known that Plaintiff suffered losses under the above referenced insurance policy. Despite having actual knowledge that Plaintiff suffered losses, Defendant has knowingly and intentionally failed to honor their contractual obligations under the above referenced policy and failed to indemnify and pay Plaintiff for all of the covered losses.

17. The AFIC policy became due and payable on October 9, 2022.

18. Plaintiff has made formal demand for payment and Notice of Bad Faith on June 1, 2023, as reflected in Exhibit 4.

19. AFIC has failed to pay any of Plaintiff's losses and/or sixty (60) days have lapsed since Plaintiff made demand for payment.

20. The refusal to pay by AFIC was not made in good faith.

21. As a result, Plaintiff has suffered significant damages. Plaintiff plead all remedies available pursuant to Tenn. Code Ann. § 56-7-105.

## V. CAUSE OF ACTION FOR BREACH OF CONTRACT

22. Plaintiff, CAFÉ 420, LLC, repeats and incorporates paragraphs one (1) through twenty-one (21) of this Complaint.

23. Pursuant to AFIC's policy, Defendant was obligated to pay Plaintiff certain amounts based upon certain described losses of Plaintiff.

24. Despite covered and described losses suffered by Plaintiff, Defendant has failed to pay Plaintiff amounts required to be paid under the AFIC policy and the coverage afforded to Plaintiff from said policy.

25. Defendant, AFIC, made express and implied representations about the AFIC policy and the coverages afforded to Plaintiff. These representations were a basis for and a part of the contract, yet Defendant failed to perform pursuant to the terms of said representations.

26. Based upon AFIC's failure to comply with the terms of said policy, their representations, implied agreements, and to pay the amounts due under said policy, Defendant's conduct, action and/or failure to act breached said contract and agreements and, as a result, Plaintiff suffered damages, losses and expenses.

## VI. PRAYERS FOR RELIEF

(a) That process issue and be served on AFIC to answer this Complaint.

(b) That Plaintiff have and recover judgment for:

    (i) One Million Seventy-Five Thousand Dollars ($1,075,000.00) for insured business personal property;

    (ii) Two Million Five Hundred Thousand Dollars ($2,500,000.00) for loss of income and other related expenses.

    (iii) Pre and post judgment interest;

(c) That pursuant to Tenn. Code Ann. § 56-7-105 and/or other applicable statutes, Plaintiff recover against AFIC judgment for any statutory bad faith penalty, including attorney fees;

6

Case 3:23-cv-00325-TRM-DCP   Document 1   Filed 09/08/23   Page 6 of 7   PageID #: 6

(d) Plaintiff demands a jury trial;

(e) Plaintiff be awarded judgment for any and all costs, expenses, discretionary costs, interest and attorney fees.

(f) For general relief.

Respectfully submitted, this 8th day of September, 2023.

                                                  s/ P. Richard Talley
                                                  P. Richard Talley (BPR# 009660)
                                                  P.O. Box 950
                                                  Dandridge, TN 37725
                                                  Phone: 865-397-9878
                                                  Email: yhtalley@yahoo.com
                                                  Attorney for Plaintiff